**Justino ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney
General, Respondent.**

No. 06–60643

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 31, 2007.

Suite E, Houston, TX, for Petitioner.

---

Thomas Ward Hussey, Director, Robert N. Markle, Anthony W. Norwood, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, Sharon A. Hudson, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: *

Justino Ortiz, a native and citizen of Mexico, petitions for review of the June 13, 2006, order of the Board of Immigration Appeals (BIA) denying his motion for reconsideration of an order issued by the BIA on April 5, 2006. The earlier order affirmed the immigration judge's determination that Ortiz was not eligible for cancellation of removal, and it granted Ortiz a 60–day voluntary departure period, which expired during the pendency of the motion for reconsideration.

Ortiz argues that the voluntary departure period was automatically tolled upon the filing of his motion to reconsider. He requests that his case be remanded to the BIA, that the voluntary departure period be reinstated, and that he be allowed to depart under an order of voluntary departure.

Ortiz's argument that his motion for reconsideration automatically tolled his voluntary-departure period is without merit. See Banda–Ortiz v. Gonzales, 445 F.3d 387, 389–91 (5th Cir.2006), cert. denied, —— U.S. ——, 127 S.Ct. 1874, 167 L.Ed.2d 363 (2007). Ortiz acknowledges the decision in Banda–Ortiz, but he argues that it was incorrect as matter of law, seeking to preserve the issue for further review. However, a panel of this court may not overrule precedent set by another panel, absent an intervening en banc decision of this court or a Supreme Court decision. See Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir.1999).

Ortiz's brief contains no argument directed to the BIA's denial of his motion for reconsideration of the BIA's prior decision affirming the immigration judge's determination that Ortiz was ineligible for cancellation of removal. That issue is therefore waived. See Rodriguez v. INS, 9 F.3d 408, 414 n. 15 (5th Cir.1993).

Accordingly, Ortiz's petition for review is DENIED. The respondent's motion for summary affirmance, or alternatively, to extend the time to file a brief, is DENIED as moot.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.